### R. THOMPSON *v.* THE STATE.

1. CONTINUANCE. — If a continuance be granted on the application of one joint-
   defendant, it operates a continuance as to the others.
2. THEFT. — INDICTMENT for theft of property alleged to belong to an unknown
   owner need not otherwise negative ownership of it by the defendant.

APPEAL from the District Court of Johnson.    Tried below
before the Hon. J. ABBOTT.

The opinion shows the material facts.    A term of five
years in the penitentiary was the punishment assessed.

*W. Poindexter*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.. The principal question presented by the
record before us is one of practice.    This appellant and one
Coulter were jointly indicted for the theft of a gelding.
When the case was called for trial it was continued as to
Coulter, on his affidavit.    The appellant, on being asked

whether he was ready for trial, answered through his attorney that he was not ready, claiming that the case had been continued on the application of his co-defendant, and that a severance had not been granted, and at the same time stating that he did not desire a severance. The court overruled the objection, and ruled the defendant to trial, to which his counsel took a bill of exceptions. This was error, for which the judgment must be reversed. *Krebs* v. *The State*, 3 Texas Ct. App. 348.

Another bill of exceptions recites that counsel for the defendant excepted to the charge of the court on the ground that it " did not contain the law applicable to the facts in proof." No special defect in the charge is indicated by the bill of exceptions, nor were any special objections pointed out by additional instructions being requested, nor otherwise. An inspection of the charge will show that it is hardly obnoxious to the criticism. At any rate, it discloses no such material defect or omission as to require further notice at our hands.

Two exceptions were taken to the indictment — one general, to the effect that the indictment charges no offence against the law; the other, that it was not shown that the property did not belong to the defendants. The indictment charges the two defendants with theft of an animal belonging to some person unknown to the grand jurors, and we see no necessity for the indictment to negative the idea that the property belonged to the persons charged with the theft. The exceptions were, in our opinion, properly overruled.

Because of the error above mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*